IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY R. YOUNG,
    Petitioner,

v.                                                  CASE NO. 1:13-cv-98-SPM-GRJ

WARDEN N.C. ENGLISH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Gregory R. Young, BOP inmate number 07590-088 incarcerated at FCI Marianna,[1] initiated this case by filing Doc. 1, a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because it is clear that Petitioner is not entitled to habeas relief based on the allegations in the Petition, the undersigned recommends that this case be dismissed.[2]

## Background

In 2005, a Southern District of Ohio jury convicted Petitioner of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), (b)(1)(C), and 18 U.S.C. § 2. *See United States v. Young*, Case No. 2:04-

---

[1] N.D.Fla.Loc.R. 3.1(A) provides in relevant part: "All civil cases in which venue properly lies in a division of this district . . . shall be filed in that division and shall remain pending in that division until final disposition unless transferred to another division by order of the court." Because Petitioner is incarcerated at FCI Marianna, venue would be proper in the Panama City Division of this Court. However, because Petitioner does not satisfy the requirements of 28 U.S.C. § 2241, intra-district transfer is futile.

[2] Pursuant to Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent. The

cr-218-EAS-NMK, Doc. 144 (8/28/12) (Sixth Circuit order affirming denial of postconviction relief). Defendant received concurrent 240-month sentences, and his conviction and sentence were affirmed on appeal. Defendant subsequently sought postconviction relief by way of a letter motion and motions to vacate pursuant to 28 U.S.C § 2255. The court construed the letter motion as a motion to vacate and denied relief, and determined that the subsequently-filed motions to vacate were untimely. The Sixth Circuit affirmed. *Id*.

The instant habeas corpus petition asserts that Petitioner's remedy under section 2255 is inadequate or ineffective because Petitioner recently obtained certified copies of a July 24, 1991 order in a previous criminal case. Petitioner contends that his sentence was based on "faulty information and invalidated documents;" he was sentenced on charges different from that for which he was convicted; *Apprendi* error; and his pre-sentence investigative report was seriously flawed and used non-*Shepard* approved documents. (Doc. 1.)

## **Savings Clause**

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court denied him relief*[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is

inadequate or ineffective to test the legality of [the applicant's] detention." However, the existence of a limitations or other statutory bar cannot mean that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention within the meaning of the savings clause. *Hardy v. United States*, 443 F. App'x 489, 492 (11th Cir. 2011) (quoting *Gilbert v. United States,* 640 F.3d 1293, 1308 (11th Cir. 2011)). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman CI (Medium)*, ___ F.3d ___, 2013 WL 646089, at *3 (11th Cir. Feb. 22, 2013) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

While the Eleventh Circuit "has [] shown a willingness to allow a prisoner to bring a § 2241 motion pursuant to the § 2255(e) savings clause if the Supreme Court decided a 'retroactively applicable, circuit law-busting decision' that 'established that he had been convicted of a 'non-existent crime,'" Petitioner has pointed to no such decision in this case. *Hardy*, 443 F. App'x at 493 (quoting *Wofford v. Scott,* 177 F.3d 1236, 1242–45 (11th Cir.1999)). Petitioner's conclusional argument that the trial court lacked territorial jurisdiction over his offense is wholly insufficient to show that he is entitled to bring this petition pursuant to the savings clause.

In light of the fact that Petitioner has not met his burden of demonstrating that the § 2255 remedy was inadequate or ineffective, and has not shown that he is entitled to invoke the savings clause of § 2255(e), the undersigned concludes that the instant petition is barred.[3]

---

[3]Petitioner asserts that *United States v. Blewett,* 2013 WL 2121945 (6th Cir. 2013), which held that the application of racially discriminatory mandatory minimum crack sentences for defendants sentenced prior to the Fair Sentencing Act violated

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 6th day of June 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

equal protection, applies to his case. Such claims are properly raised in a motion for sentence reduction, and Petitioner has multiple motions of this nature pending in his original criminal case, including one docketed May 28, 2013 that raises the *Blewett* issue. *United States v. Young*, Case No. 2:04-cr-218-EAS-NMK, Docs. 134, 143, 157 (S.D. Ohio).